101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Alexander SALERNO, Plaintiff-Appellant,
v.
AETNA LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 95-7943.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT: Jeffrey M. Bernbach, New York, New York.
 APPEARING FOR APPELLEE: Amy J. Beech, Epstein Becker & Green, P.C., New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before MAHONEY, McLAUGHLIN and CALABRESI, Circuit Judges.
 
 
 1
 1. Plaintiff-appellant Alexander Salerno appeals from orders entered October 18, 1993 and September 1, 1995 that, respectively, compelled arbitration of this action and discontinued the action as moot based upon an arbitral decision and award, both pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq. Salerno's complaint alleges that his former employer, defendant-appellee Aetna Life Insurance Company ("Aetna"), discharged him because of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. On appeal, Salerno contends that Aetna waived its right to arbitration of this dispute by failing to assert this defense for approximately four months, during which time substantial discovery was conducted by both parties.
 
 
 2
 2. Because "[t]he question of whether a party's pretrial conduct amounts to a waiver of arbitration is purely a legal one," we review this issue de novo. Leadertex, Inc. v. Morgantown Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir.1995). Of course, all factual determinations upon which the district court based its finding of waiver are reviewed for clear error. Id. To determine whether a party has waived its right to arbitration, we consider several factors "in the context of the case, with a healthy regard for the policy of promoting arbitration." Id.; see also Cotton v. Slone, 4 F.3d 176, 179 (2d Cir.1993) ("The waiver determination necessarily depends upon the facts of the particular case and is not susceptible to bright line rules."). These factors include "the amount of litigation (usually exchanges of pleadings and discovery), the time elapsed from the commencement of litigation to the request for arbitration, and the proof of prejudice." Leadertex, 67 F.3d at 25. However, "there can be no waiver unless [the party's] conduct has resulted in prejudice to the ... party [seeking to avoid arbitration]." Id. at 26 (citing Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir.1985)); see also Cotton, 4 F.3d at 180 ("A finding of prejudice continues to be a prerequisite to waiver of the arbitration right.").
 
 
 3
 3. In this case, we find no evidence that Salerno was significantly prejudiced by Aetna's failure to promptly assert its right to arbitration. Although both parties proceeded with document discovery for four months before Aetna first informed the court that this dispute was subject to arbitration, such discovery procedures would also have been available in arbitration. Cf. Cotton, 4 F.3d at 179 ("Sufficient prejudice to infer waiver has been found when a party seeking to compel arbitration engages in discovery procedures not available in arbitration."). Depositions were taken during this time, but this discovery likely benefitted Salerno's case: Aetna only took one deposition (of Salerno himself), while Salerno deposed four Aetna employees. Further, the expense of the depositions to Salerno was substantially mitigated by the district court's requirement that Aetna reimburse Salerno $2,000 for those expenses as a penalty for Aetna's delay in seeking arbitration, which was clearly the result of inadvertence.
 
 
 4
 4. The arbitrability of Salerno's state law claim, like his federal claim, results from an arbitration clause in a U-4 registration form that he filed with the National Association of Securities Dealers, and is accordingly governed by federal law and implicates the identical waiver standard. See Williams v. Cigna Financial Advisors, Inc., 56 F.3d 656, 659 (5th Cir.1995) ("[A] U-4 Registration is a contract involving the sale of securities and thus involves commerce" and is subject to the FAA); Fletcher v. Kidder, Peabody & Co., 81 N.Y.2d 623, 630-31, 619 N.E.2d 998, 1001, 601 N.Y.S.2d 686, 689 ("[It] is now well embedded in our case law ... that the enforceability of the arbitration clause contained in [a] U-4 Form ... is governed by the FAA.... Thus, regardless of what our own State's policies or case law might dictate in other circumstances, we are bound by the policies embodied in the Federal statute and the accompanying case law ...."), cert. denied, 114 S.Ct. 554 (1993).
 
 
 5
 5. Finally, the considerations which impel us to reject Salerno's waiver claim also obviate his claim of equitable estoppel.